IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES PENSION
TRUST FUND; JAMES H. BENO,
Trustee; BILL BRUNELLI, Trustee;
STEPHEN J. MACK, Trustee; CHRIS
CHRISTOPHERSEN, Trustee; DON
CROSATTO, Trustee; MARK
HOLLIBUSH, Trustee; JON ROSELLE,
Trustee; DOUG CORNFORD, Trustee;
and JAMES V. CANTERBURY, Trustee,

    Plaintiffs,

  v.

SOUTH CITY FORD, INC., a
California corporation; DAVID J.
GONZALEZ, individually and as
trustee of the GONZALEZ FAMILY
TRUST; FLORIDA GONZALEZ,
individually and as trustee of
the GONZALEZ FAMILY TRUST; SOUTH
CITY MOTORS, INC., a Delaware
corporation; and DOES 1-10,

    Defendants.

_____/

No. C 11-04590 CW

ORDER DENYING
DEFENDANT SOUTH
CITY MOTORS,
INC.'S MOTION TO
DISMISS IN PART
(DOCKET NO. 33);
GRANTING
PLAINTIFFS' MOTION
TO STRIKE (DOCKET
NO. 29)

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant South City Motors, Inc. (SCM) moves to dismiss the third cause of action in Plaintiffs' complaint. Plaintiffs Automotive Industries Pension Trust Fund and its board of trustees oppose the motion. Defendant SCM replied. Additionally, Plaintiffs move to strike the affirmative defenses asserted by Defendants South City Ford, Inc. (SCF); David J. Gonzalez; and Florida Gonzalez. Having considered all of the papers filed by the parties, the Court

DENIES Defendant SCM's motion to dismiss and GRANTS Plaintiffs' motion to strike.

## BACKGROUND

Defendant SCF was a participating employer in a multiemployer benefit pension plan, namely, the Trust Fund.  Pursuant to a collective bargaining agreement (CBA) between Defendant SCF, the Machinists Automotive Trades District Lodge No. 190 of Northern California and the Peninsula Auto Machinists Local Lodge No. 1414, Defendant SCF made contributions to the Trust Fund on behalf of its employees covered by the CBA.  In July 2005, Defendant SCF withdrew from the Trust Fund after selling its assets to Defendant SCM in accordance with an asset purchase agreement.  On September 1, 2005, after the closing of the purchase agreement, Defendant SCM entered into a CBA with the same trade group and union and made contributions to the Trust Fund on behalf of its covered employees.  In August 2010, Defendant SCM withdrew from the Trust Fund.

On March 24, 2011, Plaintiffs issued Defendants SCF and David and Florida Gonzalez an assessment of their withdrawal liability and a demand for payment.  On June 13, 2011, Plaintiffs issued these Defendants a second notice, which they also sent to Defendant SCM.  On June 15, 2011, Defendant David Gonzalez requested review of the Trust Fund's assessment.  In his request, Defendant David Gonzalez did not challenge the amount of the assessed withdrawal liability, but rather asserted that the Trust

2

Fund waited too long to make the assessment against him. On August, 29, 2011, in response to Defendant David Gonzalez's request for review, Plaintiffs informed Defendant David Gonzalez that they were rejecting his timeliness objection.

On September 15, 2011, Plaintiffs filed their initial complaint against Defendants SCF and David and Florida Gonzalez.[1] In their initial complaint, Plaintiffs brought two causes of action under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Amendments Act of 1980 (MPPAA). 29 U.S.C §§ 1001-1461. Plaintiffs alleged that these Defendants violated ERISA by: (1) failing to make a timely withdrawal liability payment to the Trust Fund in the amount of $193,278.00; and (2) failing to provide the necessary information to identify the members of Defendant SCF's control group and potential transactions undertaken to evade collection of these Defendants' withdrawal liability.

On November 18, 2011, Plaintiffs amended their complaint by adding SCM as a defendant and a third cause of action. In their

---

[1] Defendant SCF's principal place of business was located on commercial real property leased from a business owned by Defendants David and Florida Gonzalez. Because David Gonzalez owned SCF and the leasing business, Plaintiffs allege that Defendants SCF and David and Florida Gonzalez fell within the same control group. Plaintiffs define a control group as a group of businesses under common control that is treated as a single employer for purposes of withdrawal liability. Plaintiffs seek recovery from Defendant SCF as the signatory to the Trust Fund and from the Gonzalezes as alleged members of Defendant SCF's control group.

3

third cause of action, Plaintiffs seek to hold Defendant SCM responsible for Defendant SCF's withdrawal liability on the theory that Defendant SCM is a successor employer to Defendant SCF.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

I.   Failure to State A Claim

Defendant SCM asserts that it was not the withdrawing employer that incurred the withdrawal liability at issue. Thus, Defendant SCM argues that it cannot be held liable for Defendant SCF's withdrawal liability. However, whether or not Defendant SCM

4

was the withdrawing employer that incurred this liability is not determinative.

Generally, an employer is not obliged to contribute to a multiemployer benefit plan unless the employer is a signatory to the plan. 29 U.S.C. § 1145; Carpenters S. Cal. Admin. Corp. v. Majestic Housing, 743 F.2d 1341, 1346 (9th Cir. 1984). However, a non-signatory may be subject to liability under certain limited circumstances, such as where the non-signatory is the alter ego or successor to a signatory. Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289 (9th Cir. 1987). Here, Plaintiffs seek to hold Defendant SCM liable on the grounds that it was a successor employer to Defendant SCF, not on the grounds that it was a signatory to the Trust Fund. Thus, Defendant SCM's first argument fails.

Defendant SCM argues that successor liability does not apply to withdrawal liability under ERISA. Defendant is incorrect. See Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc., 59 F.3d 48, 49 (7th Cir. 1995) (applying successor liability doctrine to withdrawal liability under ERISA). The Ninth Circuit has found that successor liability is applicable in the similar context of delinquent contributions under ERISA. Trustees For Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell, 812 F.2d 512, 516 (9th Cir. 1987) (holding that an individual member of a joint venture who continued to operate the same business with the same employees and

5

equipment after the joint venture ceased operating was a successor employer liable for the joint venture's delinquent contributions under ERISA); see also Hawaii Carpenters, 823 F.2d at 298 (holding successor liable for predecessor's delinquent contributions under ERISA).

Lastly, Defendant SCM argues that even if successor liability could apply, Plaintiffs have not alleged sufficient facts to satisfy the doctrine here. Liability of an employer for the obligations of its predecessor attaches "when (1) the subsequent employer was a bona fide successor and (2) the subsequent employer had notice of the potential liability." Steinbach v. Hubbard, 51 F.3d 843, 846 (9th Cir. 1995).

The first issue is whether Defendant SCM was a bona fide successor to Defendant SCF. "Whether an employer qualifies as a bona fide successor will hinge principally on the degree of business continuity between the successor and predecessor." Id. Here, Plaintiffs allege that, after Defendant SCF sold its assets to Defendant SCM, Defendant SCM substantially continued Defendant SCF's automotive dealership business operations. Specifically, Plaintiffs allege that Defendant SCM continued using the same business name, "South City Ford;" providing the same services; using the same facilities, machinery and equipment; employing the same employees; completing work in process; and serving the same customers. Defendant SCM did not address these allegations in its motion to dismiss or its reply.

6

The second issue is whether Defendant SCM had notice of Defendant SCF's potential withdrawal liability.  Defendant SCM denies having had notice of any liability incurred by Defendant SCF.  Defendant SCM argues that it could not have been aware of Defendant SCF's withdrawal liability because this liability did not exist until the Trust Fund assessed it, which the Trust Fund did not do until approximately five years after the sale from Defendant SCF to Defendant SCM.  Defendant SCM argues that, because no liability existed when it purchased Defendant SCF's assets and it was unaware that the sale would result in a withdrawal liability assessment against Defendant SCF, Plaintiffs' successor liability theory fails.  However, given that Plaintiffs allege that Defendant SCM had both actual knowledge and constructive notice of Defendant SCF's liability for unfunded pension liabilities, it would be improper to grant Defendant SCM's motion to dismiss at this point.

II.   Motion to Strike

Plaintiffs move to strike the six affirmative defenses asserted by Defendants SCF and David and Florida Gonzalez in their Answer to Plaintiffs' complaint.  Pursuant to Local Rule 7-3, Defendants' response to this motion was due on January 17, 2012.  To this date, Defendants have not submitted a response or requested an extension.  The Court interprets Defendants' failure to oppose Plaintiffs' motion as a consent to its merits and accordingly GRANTS Plaintiffs' motion to strike.

CONCLUSION

Because Plaintiffs may be able to prove a violation of ERISA on a successor liability theory, Defendant SCM's motion to dismiss Plaintiffs' third cause of action (Docket No. 33) is DENIED. Plaintiffs' motion to strike (Docket No. 29) the affirmative defenses asserted by Defendants South City Ford, Inc. (SCF); David J. Gonzalez; and Florida Gonzalez is GRANTED.

IT IS SO ORDERED.

Dated: 4/12/2012

CLAUDIA WILKEN
United States District Judge